## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES BELONGE** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY DHO01638** | **MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. DHO01638 ("Underwriters") remove the captioned case, *Charles Belonge v. Certain Underwriters at Lloyd's of London Subscribing to Policy DHO01638*, Case No. 23-2696, Division A-16, the Honorable Ellen M. Hazeur presiding, Civil District Court for the  Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

**1.**

This Court has subject matter jurisdiction over plaintiff Charles Belonge ("Belonge") suit under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship as between Belonge and Underwriters. Underwriters respectfully submit that the grounds for removal are as follows:

**2.**

Belonge filed a "Petition for Damages," attached here as Removal Ex. "A," titled and designated as *Charles Belonge v. Certain Underwriters at Lloyd's of London Subscribing to Policy DHO01638*, Case No. 23-2696, Division A-16, the Honorable Ellen M. Hazeur presiding, Civil District Court for the Parish of Orleans, State of Louisiana (the "Orleans Parish Litigation"), which

- 1 -

is in the territorial jurisdiction of the United States District Court for the Eastern District of Louisiana.

## THE PARTIES ARE OF DIVERSE CITIZENSHIP

### 3.

At the time Belonge filed the Petition and Underwriters filed this Notice of Removal, Belonge was and remains a natural person domiciled in the Orleans Parish, Louisiana. Petition, ¶ 1. Thus, Belonge is a Louisiana citizen for diversity jurisdiction purposes.

### 4.

At the time Belonge filed the Petition and Underwriters filed this Notice of Removal, Underwriters were and remain citizens of a foreign state. Specifically, Lloyd's Syndicate 2001 subscribes to 100% risk insured under Policy No. DHO01638. Underwriters have attached a certified copy of Policy No. DHO01638 as Removal Ex. "B." Syndicate 2001 consists of a single name, Amlin Corporate Member Ltd. Amlin Corporate Member Ltd. is organized under the laws of England and Wales, and it maintains its principal place of business in London, England. Thus, Underwriters assume foreign citizenship for diversity jurisdiction purposes. *Berik Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 299 (5th Cir. 2010) (addressing the citizenship of foreign juridical entities and explaining that if the foreign party is a "juridical entity under the laws" of a foreign state, then it is a "foreign citizen for purposes of diversity jurisdiction.") and *Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's*, 2022 WL 2208206, at \*4 (E.D. La. June 21, 2022) ("Proceeding with the Fifth Circuit's guidance in *Berik Stiftung* in mind, the Court determines that a United Kingdom limited company is a juridical person and a foreign citizen for purposes of diversity jurisdiction.").

PD.41993501.1

**5.**

Underwriters are not a Louisiana citizen under 28 U.S.C. § 1332(c)(1)(A)'s "direct action" rule. Belonge has not asserted a "direct action" as that term is defined in 28 U.S.C. § 1332(c)(1). "A direct action, for purposes of 28 U.S.C. 1332(c)(1), is one in which the victim or injured party is permitted to sue the tortfeasor's insurance carrier directly for the insured's tortious conduct without first obtaining a judgment against the tortfeasor." *Grefer v. Scottsdale Ins. Co.*, 207 F. Supp. 2d 546, 548 (E.D. La. 2001). "[A]ctions for breach of contract are not considered direct actions." *Id.* at 549. "Furthermore, claims alleging an insurer's breach of good faith and fair dealing have been found not to constitute direct actions." *Id.* Because Belonge has not filed a "direct action" suit, Underwriters will not be treated as a "direct action" Louisiana citizen under 28 U.S.C. § 1332(c)(1)(A).

**6.**

As shown, complete diversity of citizenship exists between the plaintiff, Belonge, and defendants, Underwriters.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 EXCLUSIVE OF INTEREST AND COSTS**

**7.**

Where, as here, the state court petition/complaint does not contain a demand for a specific sum of money, the "defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[,]" and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also*

*Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs., Inc.*, 2017 WL 3447808, at \*2 (W.D. La. Apr. 19, 2017), *report and recommendation adopted*, 2017 WL 3431845 (W.D. La. Aug. 9, 2017) (accord *Dart*).

**8.**

Belonge seeks dwelling coverage for alleged property damage at 4039 Dhemcourt Street, New Orleans, Louisiana 70119 (the "Subject Property") as a result of Hurricane Ida (the "Loss"). Belonge claims the Loss caused $68,842.36 in damages to the Subject Property. Underwriters have paid Belonge $6,618.10 for the Loss. Belonge claims an additional $62,224.26 is due under the Policy. Petition, ¶ 16.

**9.**

Belonge seeks extracontractual penalties under La. Rev. Stat. §§ 22:1892 and 22:1973. Petition, ¶¶ 21-30. When statutory penalties under La. Rev. Stat. §§ 22:1892 and 22:1973 are alleged in a petition, they are considered to establish the amount in controversy. *See Lottinger v. State Farm Fire & Cas. Co.*, 2014 WL 4403440, at \*7 (E.D. La. Sept. 5, 2014) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

**10.**

Under La. Rev. Stat. § 22:1892, when an insurer fails to pay a claim within 30 days or receipt of satisfactory proof of loss and when such failure is found to be arbitrary, capricious, or without probable cause, the insurer shall be subject "to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, . . . or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs."

- 4 -

**11.**

To date, Underwriters paid $6,618.10 to Belonge during the adjustment of its Hurricane Ida claim. Belonge claims that despite receiving "satisfactory proof of loss," Underwriters have failed to Belonge $62,224.26 owed under the Policy. Petition, ¶ 16.

**12.**

Belonge alleges that "[m]ore than thirty and sixty days have elapsed since [Underwriters] first received satisfactory proof of loss of all [Belonge's] claims and [Underwriters] still have not made an unconditional tender of all amounts owed, thereby triggering the application of the penalties found in [La. R.S. 22:1892 and 22:1973]." Petition, ¶ 25.

**13.**

Belonge's allegations—if accepted—would entitle him to $31,112.13—*i.e.*, 50% of the $62,224.2 claimed—in statutory penalties under La. Rev. Stat. § 22:1892(B)(1)(a) alone.

**14.**

Belonge also seeks extracontractual damages from Underwriters under La. Rev. Stat. § 22:1973. Petition, ¶¶ 27-29. Section 22:1973(C) provides that "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." Therefore, Belonge seeks statutory penalties for up to two times the consequential damages alleged here.

**15.**

Belonge further seeks attorneys' fees under Section 22:1892 and 22:1973. Petition, ¶ 30. Those fees are included when assessing the amount in controversy. *Rodney v. Waffle House, Inc.*, 2018 WL 6829041, at *9 (M.D. La. Oct. 22, 2018), *report and recommendation adopted*, 2018 WL 10809995 (M.D. La. Dec. 18, 2018) ("[W]hen attorneys' fees are provided by contract or a

statute mandate or allows payment of such fees, attorneys' fees are considered part of the amount in controversy for jurisdictional purposes.") (quotations omitted) (citing, *inter alia*, *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)).

**16.**

Given the foregoing, Underwriters affirmatively allege and show that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**REMOVAL IS TIMELY**

**17.**

Belonge perfected service on the Louisiana Secretary of State on April 21, 2023. Accordingly, this Notice of Removal—filed on May 18, 2023—is timely under 28 U.S.C. § 1446(b)(1), which allows removal within thirty days after service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

**CONCLUSION REGARDING FEDERAL DIVERSITY JURISDICTION**

**18.**

The action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as this civil controversy is wholly between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Further, removal was effectuated within thirty days of service. Thus, in accordance with 28 U.S.C. §§ 1441 and 1446, this case may be removed to the United States District Court for the Eastern District of Louisiana.

**19.**

Pursuant to 28 U.S.C. § 1446(d), and concurrently with the filing of this Notice of Removal, written notice is being given to all parties, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

PD.41993501.1

**20.**

Pursuant to 28 U.S.C. § 1446(a), Underwriters have attached "a copy of all process, pleadings, and orders" from the Orleans Parish Lawsuit as Removal Ex. "C."

**21.**

By removing this case to this Court, Underwriters reserve all rights and defenses, including but not limited to seeking dismissal and all other available grounds for procedural or substantive motions.

**WHEREFORE**, Certain Underwriters at Lloyd's, London Subscribing to Policy No. DHO01638 remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

PD.41993501.1

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   */s/ Jeffrey S. Knighton Jr.*
  Jeffrey S. Knighton Jr., Bar Roll No. 39941
  II City Plaza
  400 Convention Street | Suite 1100
  Baton Rouge, Louisiana 70802-5618
  P.O. Box 4412
  Baton Rouge, Louisiana 70821-4412
  Telephone: (225) 346-0285
  Telecopier: (225) 381-9197
  Email:  jay.knighton@phelps.com

  AND

  Douglas Kleeman (La. Bar No. 31221)
  Canal Place | 365 Canal Street | Suite 2000
  New Orleans, Louisiana 70130-6534
  Telephone: (504) 566-1311
  Facsimile: (504) 568-9130
  Email: doug.kleeman@phelps.com



  AND

  Julien C. Petit, Bar Roll No. 37828
  2102 E. State Highway 114, Suite 207
  Southlake, TX 76092
  Telephone: 817 488 3134
  Facsimile: 817 488 3214
  Email: julien.petit@phelps.com


**ATTORNEYS FOR CERTAIN
UNDERWRITERS AT LLOYD'S, LONDON
SUBSCRIBING TO POLICY NO. DHO01638**

- 8 -

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Notice of Removal has been served

on May 18, 2023 on:

> **Charles Belonge**
> *Through his attorneys of record*:
> Mark G. Montiel (LSBA 31886)
> Shelby S. Talley
> Jack F. Griffin
> Lawson A. Nguyen
> MONTIEL HODGE, LLC
> 400 Poydras St., Suite 2325
> New Orleans, Louisiana 70130

by United States Mail, proper postage prepaid, and Electronic Mail.

*/s/ Jeffrey S. Knighton Jr.*
Jeffrey S. Knighton Jr.

PD.41993501.1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES BELONGE** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY DHO01638** | **MAGISTRATE JUDGE** |

### PROOF OF SERVICE

Jeffrey S. Knighton Jr., being duly sworn, does depose and say that he is an attorney in the firm of Phelps Dunbar LLP, counsel for defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. DHO01638 herein.

That on May 18, 2023, after the Notice of Removal had been filed in the above Court, he delivered executed copies of the Notice of Removal to Mark G. Montiel, Shelby S. Talley, Jack F. Griffin, Lawson A. Nguyen, Montiel Hodge, LLC, 400 Poydras Street., Suite 2325, New Orleans, Louisiana 70130 by depositing said envelope, so stamped and addressed, in the United States mail, and by Electronic Mail. Affiant further deposes and says that on the same day he mailed and/or faxed a copy of the Notice of Removal to the Clerk of Court of the Civil District Court for the Parish of Orleans in the matter titled *Charles Belonge v. Certain Underwriters at Lloyd's of London Subscribing to Policy DHO01638*, Case No. 23-2696, Division A-16, the Honorable Ellen M. Hazeur presiding.

_____
Jeffrey S. Knighton Jr.

Sworn to and subscribed before me this 18th day of May, 2023.

_____

OFFICIAL SEAL
CARLA BERGERON
NOTARY ID # 83938
STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE
My Commission is for Life

PD.41993501.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES BELONGE**                              **CIVIL ACTION NO.**

**VERSUS**                                       **JUDGE**

**CERTAIN UNDERWRITERS AT**                      **MAGISTRATE JUDGE**
**LLOYD'S OF LONDON**
**SUBSCRIBING TO POLICY**
**DHO01638**

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

    Jeffrey S. Knighton Jr., being duly sworn, did depose and say that he is an attorney in the firm of Phelps Dunbar LLP, counsel for Certain Underwriters at Lloyd's, London Subscribing to Policy No. DHO01638, defendants herein; that he has read the foregoing Notice of Removal; and that all the facts and allegations set forth therein are true and correct to the best of his knowledge, information, and belief.

_____
Jeffrey S. Knighton Jr.

    Sworn to and subscribed before me this 18th day of May, 2023.

_____

OFFICIAL SEAL
**CARLA BERGERON**
NOTARY ID # 83938
STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE
My Commission is for Life

2

PD.41993501.1